UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

THE BARTER HOUSE, INC., and BRIAN DIMARCO,

            Plaintiffs,

    -v-

INFINITY SPIRITS LCC, *a limited liability company*, DON GOOD TEQUILA COMPANY, LLC, *a limited liability company*, EUROPEAN INFINITY GROUP INC., *a corporation*, and BRIAN HOPKINS, *an individual*,

            Defendants.

17 Civ. 9276 (PAE)

ORDER OF
DEFAULT JUDGMENT

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

  Before the Court is plaintiffs' motion for default judgment against defendants Infinity Spirits LLC ("Infinity Spirits") and European Infinity Group Inc. ("EIG"). Dkt. 334. For the reasons that follow, the Court grants that motion and enters a default judgment as to Infinity Spirits and EIG.

**I. Background**

  **A. Commencement of the Action**

  On November 2, 2017, plaintiff The Barter House, Inc. ("Barter House"), commenced this action by filing a complaint against defendant Infinity Spirits in New York State Supreme Court in Manhattan. Dkt. 1-1. On November 8, 2017, an agent authorized by appointment to receive service on behalf of Infinity Spirits was served. *See* Dkt. 1-3; *see also* Dkt. 334-1 ("Felicello Decl."), Ex. 2. On November 28, 2017, Infinity Spirits removed the case to this Court. Dkt. 1.

1

On January 16, 2018, Barter House and plaintiff Brian DiMarco, filed their First Amended Complaint ("FAC"), adding defendants Don Good Tequila Company, LLC ("Don Good"), EIG, and Brian Hopkins to the action. Dkt. 16; *see also* Felicello Decl., Ex. 3. Plaintiffs brought common law claims—for fraud, breach of contract, and unjust enrichment—alleging that defendants fraudulently induced plaintiffs to enter into a partnership to sell and market tequila, specifically Blue Hour Tequila or La Hora Azul, and that defendants breached a Stake Hold Agreement, under which DiMarco was to be granted an ownership stake in Infinity Spirits. On March 2, 2020, the Clerk of Court mailed the FAC, via Federal Express, to (i) Don Good, Dkt. 30; (ii) EIG, Dkt. 32; *see also* Filacello Decl., Ex. 4; and (iii) Brian Hopkins, Dkt. 31; *see also* Filacello Decl., Ex. 5. All three received the FAC on March 5, 2018. *See* ECF Dkt. Entry dated March 13, 2018; Dkt. 45.

On March 5, 2018, the Court held an initial pretrial conference and issued a case management plan that included a fact discovery deadline of July 31, 2018. Dkt. 34. On March 20, 2018, on request of the parties, the Court adjourned the deadline for fact discovery until October 31, 2018, to provide the parties time to engage in settlement discussions before the Honorable Henry B. Pitman, United States Magistrate Judge. Dkt. 36; *see also* Dkt. 33 (order of reference to Judge Pitman for settlement). On April 10, 2018, after an allegation of bad faith against defendants, the Court granted plaintiffs' request to withdraw the referral to Judge Pitman for settlement discussions and ordered that fact discovery close on July 2, 2018. Dkt. 52.

**B.      Prior Motion for Default Judgment**

On March 23, 2018, Infinity Spirits' former counsel moved to withdraw. Dkt. 37. On March 27, 2018, the Court issued an order allowing Infinity Spirits three weeks to find new counsel, explaining that "Infinity Spirits, as a corporation, cannot continue to defend this lawsuit

2

unless it finds new counsel." Dkt. 38 at 1. The Court further stated that "[i]n the event that Infinity Spirts remains unrepresented after April 24, 2018, the Court will entertain a motion by plaintiffs' counsel for entry of a default judgment as to Infinity Spirits, on account of its failure to defend this lawsuit." *Id.* at 1–2.

On June 11, 2018, plaintiffs moved for a default judgment against all defendants. *See* Dkts. 59–66. On June 15, 2018, counsel appeared for Hopkins, Infinity Spirits, and EIG to oppose the motion for default judgment. *See* Dkt. 67. On August 3, 2018, the Court entered a default judgment as to liability against Don Good (but not other defendants). Dkt. 85.

### C. Continuation of the Action

The parties continued with discovery. During the discovery process, the Court was periodically called upon to resolve discovery disputes. *See, e.g.*, Dkts. 94–96. On August 6, 2018, the Court approved a new case management plan setting the close of fact discovery for September 14, 2018. Dkt. 87. Also on August 6, 2018, EIG, Infinity Spirits, and Hopkins answered the FAC. Dkt. 88. On August 31, 2018, EIG filed its Amended Answer and Counterclaims. Dkt. 104. EIG brought counterclaims against both plaintiffs, alleging that Barter House and DiMarco breached a Distribution Agreement by failing to order sufficient quantities of tequila and to promote that product and that DiMarco tortiously interfered with existing contractual relations by forging Hopkins' signature on sole source letters authorizing the illegal importation of Blue Hour Tequila into Florida. On September 14, 2018, fact discovery closed. *See* Dkt. 87. On September 28, 2018, plaintiffs answered EIG's counterclaims. Dkt. 116.

### D. Cross-Motions for Summary Judgment

On December 7, 2018, defendants moved for summary judgment on all of plaintiffs' claims, and EIG moved for summary judgment on its breach of contract counterclaim. *See*

Dkts. 186–90.  On December 21, 2018, plaintiffs cross-moved for partial summary judgment on their breach of contract claim.  *See* Dkts. 199–203.  On January 7, 2019, defendants filed a combined opposition and reply.  Dkt. 208.  On January 7, 2019, plaintiffs filed their reply.  Dkt. 213.  On February 12, 2019, the Court heard argument on the summary judgment motions.  Dkt. 259.

On August 5, 2019, the Court issued an opinion and order denying both sides' motions for summary judgment in their entirety.  Dkt. 280.  The Court resolved each issue as follows.

First, as to plaintiffs' claim for breach of contract for the Stake Hold Agreement, the Court found that there were genuine issues of material fact related to whether defendants breached the Stake Hold Agreement by failing to prepare a loan agreement and whether defendants anticipatorily repudiated the Stake Hold Agreement by terminating the Distribution Agreement.  *Id.* at 49–52.  The Court, however, noted that although it could not grant summary judgment for plaintiffs, it was undisputed that DiMarco had contributed $66,156.93 (and potentially an additional $32,000) under the Stake Hold Agreement, and thus he would ultimately be entitled to recoup at least $66,156.93 under the Stake Hold Agreement.  *See id.* at 52.

Second, as to plaintiffs' unjust enrichment claim, defendants argued that they were entitled to summary judgment because the unjust enrichment claim was barred by the existence of the Stake Hold Agreement, a valid contract.  *Id.*  The Court disagreed, finding that there were genuine issues of material fact related to the existence and scope of the Stake Hold Agreement, and also that the unjust enrichment claim related to some payments plaintiffs claimed to have made to defendants outside of that agreement.  *See id.* at 53–55.

Third, as to plaintiffs' fraud claim, defendants argued that such claim was duplicative of the breach of contract claim and unsupported by facts developed in discovery. *Id.* at 55. The Court, however, found that the fraud claim encompassed a broader set of actions than those addressed by the breach of contract claim, and that facts developed in discovery relating to defendants' alleged misrepresentations could support the fraud claim. *See id.* at 55–56.

Fourth, as to its breach of contract counterclaim related to the Distribution Agreement, EIG argued that plaintiffs breached the agreement because plaintiffs, EIG claimed, had failed to contribute to the marketing expenses, failed to obtain liquor licenses, violated an exclusivity provision by selling tequila outside of New York, and failed to order the amount of tequila required by the agreement. *Id.* at 42–43. The Court disagreed, finding that plaintiffs had produced evidence that they had contributed to marketing expenses and that any failure to obtain liquor licenses was irrelevant as the agreement did not require plaintiffs to hold any particular license. *See id.* at 43–45. The Court also held that there were disputed issues of fact as to the EIG's remaining arguments. *See id.*

The Court then explained that, barring settlement, the case was set to proceed to trial on plaintiffs' breach of contract, unjust enrichment, and fraud claims, as well as EIG's breach of contract and tortious interference counterclaims. *See id.* at 59. It directed counsel, in accordance with the Court's Individual Rules, to submit pretrial filings, including a joint pretrial order, motions *in limine*, requests to charge, and proposed *voir dire* by August 30, 2019. *Id.*

### E. Settlement Attempts and the Default

On August 21, 2019, following a series of letters from the parties, *see* Dkts. 281, 283, 285, 287–88, the Court adjourned the deadline for pretrial filings for 60 days, until October 29, 2019, and referred the case to the Honorable Barbara C. Moses, United States Magistrate Judge,

for a settlement conference. Dkt. 289; *see also* Dkt. 292 (order of reference to Judge Moses for settlement). On October 15, 2019, after defendants had failed to submit the pre-settlement conference documents required by Judge Moses, *see* Dkts. 298, 300, Judge Moses ordered that they do so by October 16, 2019 at 5 p.m., or they risked her canceling the conference. Dkt. 301. Defendants did not file the required documents. On October 17, 2019, Judge Moses canceled the conference and ordered defendants to pay the attorneys' fees that plaintiffs had incurred in preparation for the settlement conference. Dkt. 302.

On October 29, 2019, the deadline for pretrial filings—which had been highlighted in a series of orders issued both by this Court and by Judge Moses, *see* Dkts. 289, 296–97, 300–02—plaintiffs filed a motion *in limine*, proposed *voir dire* questions, proposed jury instructions, and their portion of a joint pretrial order. Dkts. 305–09. Defendants failed to file anything.

On November 26, 2019, following defendants' failure to file, the Court ordered that defendants file their portion of the joint pretrial order, in addition to proposed *voir dire* questions, proposed jury instructions, and opposition to plaintiffs' motion *in limine*, by November 27, 2019 at 5 p.m., or risk being prohibited from presenting a defense case at trial. Dkt. 314. Defendants again failed to file any such documents.

On December 2, 2019, the Court held a pretrial conference. In addition to failing to submit pretrial filings in advance of the conference, defendants failed to appear at the pretrial conference. *See* Dkt. 315. As a result, the Court precluded defendants from offering evidence in their case-in-chief at trial. *Id.* In response to defendants' failure to defend their case, plaintiffs explained that they anticipated moving for partial summary judgment as to EIG's counterclaims, and the Court set a briefing schedule for that motion. *Id.*

On January 10, 2020, plaintiffs moved for partial summary judgment on EIG's counterclaims and all of defendants' affirmative defenses. *See* Dkts. 324–26. Defendants' opposition to that motion was due on January 24, 2020, *see* Dkt. 315, but defendants failed to file any such opposition. On January 30, 2020, the Court issued an order, explaining that it had received notice that defense counsel Andy Oh, Esq., had passed away on January 14, 2020. Dkt. 331; *see also* Filacello Decl., Ex. 7. The Court adjourned the briefing schedule for plaintiffs' motion for partial summary judgment, extending the deadline for defendants' opposition until February 28, 2020. Dkt. 331. The Court instructed Hopkins to retain successor counsel for Infinity Spirits and EIG—as corporate defendants must be represented by counsel to proceed in this Court, *see Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("[A] corporation must appear through licensed counsel[.]")—and for that counsel to enter a notice of appearance by February 14, 2020. Dkt. 331. The Court stated that "[s]hould successor counsel for the corporate entities [Infinity Spirits and EIG] not appear by that date, the Court will be obliged to enter a default judgment as to those entities." *Id.* The Court served the order on Hopkins via email and filed it on ECF. *Id.*

No counsel for Infinity Spirits or EIG appeared by February 14, 2020. *See* Dkt. 333. On February 28, 2020, the Court issued an order authorizing plaintiffs to move for a default judgment against Infinity Spirits and EIG. *Id.*; *see also* Filacello Decl., Ex. 8.

On March 6, 2020, plaintiffs moved for default judgment as to Infinity Spirits and EIG. Dkt. 334. The same day, they served Hopkins, Infinity Spirits, and EIG with plaintiffs' motion and supporting papers via first-class mail. *See* Dkt. 338 ("Certificate of Service") at 1–2. On March 10, 2020, the Court issued an order to show cause and scheduled a hearing on the default judgment motion for April 8, 2020 at 2 p.m. Dkt. 335. On March 12, 2020, plaintiffs served

Infinity Spirits and EIG with the Court's March 10, 2020 order and plaintiffs' motion and supporting papers via first-class mail. *See* Certificate of Service at 2.

On March 23, 2020, the Court issued a second order to show cause, cancelling the hearing due to the current public health crisis and advising the parties that it would resolve plaintiffs' motion for default judgment on the papers. Dkt. 336. The Court instructed that if either Infinity Spirits or EIG wished to oppose the motion, their counsel was to file such opposition on the docket by April 8, 2020 at 2 p.m. *Id.* On March 23, 2020, plaintiffs served Hopkins with the Court's March 23, 2020 order via email. *See* Certificate of Service at 2. On March 24, 2020, plaintiffs served Infinity Spirits and EIG with the Court's March 23, 2020 order via Federal Express. *See id.*

Neither Infinity Spirits or EIG filed any opposition to plaintiffs' motion for default judgment. To date, no counsel has appeared for Infinity Spirits or EIG.

## II.     Default Judgment

The Court has reviewed plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), Dkt. 334, and plaintiffs' supporting affidavits, Dkt. 334-1, 334-7. Because proof of service of the motion for default judgment and the Court's orders to show cause have been filed, no counsel has appeared for Infinity Spirits or EIG, Infinity Spirits and EIG have failed to file any opposition to plaintiffs' motion for default judgment, and Infinity Spirits and EIG have failed to defend this case, and because plaintiffs have proffered evidence sufficient to support their claims, the Court enters a default judgment for plaintiffs against defendants Infinity Spirits LLC and European Infinity Group Inc.

Specifically, the Court grants a default judgment dismissing with prejudice each counterclaim asserted by EIG, grants summary judgment dismissing with prejudice each

affirmative defense asserted by Infinity Spirits and EIG, and grants a default judgment in plaintiffs' favor as to liability on each of plaintiffs' claims asserted against Infinity Spirits and EIG in the FAC.

The Court, by separate order, will commission an inquest into damages. The Court respectfully directs the Clerk of the Court to terminate the motion pending at docket 334. The Court directs plaintiffs to serve this judgment on defendants Infinity Spirits, EIG, and Hopkins, and to file proof of such service on the docket by April 21, 2020.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 14, 2020
       New York, New York