UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE BARTER HOUSE, INC., and BRIAN DIMARCO,

Plaintiffs,

-v-

INFINITY SPIRITS LCC, *a limited liability company*,
DON GOOD TEQUILA COMPANY, LLC, *a limited
liability company*, EUROPEAN INFINITY GROUP
INC., *a corporation*, and BRIAN HOPKINS, *an
individual*,

Defendants.

17 Civ. 9276 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received an application from Tom M. Fini, Esq., to withdraw as counsel

for the defendants in this case, Dkt. 400, supported by a conclusory declaration of Mr. Fini, Dkt.

400-1. As the parties and counsel are aware, this case has long been marred by improper,

unprofessional, and/or dilatory conduct by defendants' counsel, and the Court recently lifted a

default judgment against the corporate defendants, permitting Mr. Fini to substitute for them,

effective upon a make-whole payment by defendants to plaintiffs' counsel. Dkt. 368. Since

then, the parties have made pretrial submissions, in anticipation of a jury trial that the Court

intends to host as soon as pandemic conditions (and the demands for jury trials of competing

cases) permit.

In this context, Mr. Fini's cursory application to withdraw, which if granted would

present potential for renewed disruption of this long-pending matter, is inadequate. The Court

will give Mr. Fini, as he has requested if the Court were unprepared to grant his application on

the present record, an opportunity to submit a detailed affidavit for the Court's *in camera* review explaining the necessity, two and half months into Mr. Fini's representation, to withdraw.  For avoidance of doubt, upon review of this submission, the Court will assess not only whether it justifies Mr. Fini's withdrawal, but also whether it is properly disclosed, in whole or part, to plaintiffs.  **Mr. Fini's declaration and any supporting materials are due by 5 p.m. this Friday, September 11, 2020.**

The Court further advises the defense that, should the Court determine that Mr. Fini's application to withdraw is meritorious, it will give the corporate defendants, from that date forward, two weeks for a successor counsel to appear on their behalf.  Such counsel should be prepared to try this case in the first quarter of 2021.  In the event new counsel has not appeared within the two-week deadline, the Court would then grant Mr. Fini's motion to withdraw as to all defendants, and, as to the corporate defendants, who by law cannot represent themselves but instead require representation by counsel, *see Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation."), would immediately reinstate the default judgments as to liability that the Court earlier entered.

To assure that defendants have maximum notice of this order, and therefore can promptly seek again to retain counsel, the Court directs Mr. Fini to serve this order forthwith on all defendants in this case.  Mr. Fini is further to file on the docket of this case, by the close of business **tomorrow, Wednesday, September 9**, an affirmation as to the manner and timing of such service.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: September 8, 2020
       New York, New York