UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BARTER HOUSE, INC., and BRIAN DIMARCO,

                                   Plaintiffs,

-v-

INFINITY SPIRITS LCC, *a limited liability company*, DON GOOD TEQUILA COMPANY, LLC, *a limited liability company*, EUROPEAN INFINITY GROUP INC., *a corporation*, and BRIAN HOPKINS, *an individual*,

                                   Defendants.

17 Civ. 9276 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received and carefully reviewed the *ex parte* declaration of Tom M. Fini, Esq., and supporting submissions. *See* Dkts. 405–07. The Court has also received the responsive submission from defendant Brian Hopkins, which the Court will docket. The Court agrees that Mr. Fini's withdrawal as counsel for all defendants is warranted. The Court accordingly will enter an order on September 28, 2020, authorizing Mr. Fini's withdrawal. **Any operative deadlines in this litigation are stayed for two weeks**, so as not compel Mr. Fini to work on this matter, given the breakdown of the attorney-client relationship and other matters recited in his declaration. For avoidance of doubt, however, Mr. Fini remains counsel of record for all defendants until the Court has authorized his withdrawal, and therefore is expected to respond to issues that may arise during this period, and to keep his clients apprised of developments in the case. Mr. Fini is directed, forthwith, to serve this order on his clients, corporate and individual, and to file an affirmation of such service on the docket of this case.

As noted in this Court's order of September 8, 2020, a corporate defendant requires representation and cannot represent itself pro so. *See* Dkt. 401 (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)).  Accordingly, if successor counsel has not appeared by September 28, 2020, the Court, coincident with its order authorizing Mr. Fini's withdrawal, will reinstate the default judgment of liability, as to the corporate defendants, that it previously entered, and which it thereafter lifted on Mr. Fini's application.  In light of defendants' regrettable history of delay and disregard of deadlines throughout this long-pending case, **defendants should not expect this deadline to be extended**.  Upon the entry of such a default judgment, the Court would refer the case against the corporate defendants for a damages inquest.  Plaintiffs' claims against individual defendant Brian Hopkins will continue in this Court and the Court will lift the stay of all operative deadlines.  To assure that Mr. Hopkins can ably defend himself pro se, the Court directs Mr. Hopkins to obtain ECF access and to regularly check the docket of this case and the emails that will be send to him notifying him of any filings.  To the extent Mr. Hopkins requires assistance with this task or otherwise in representing himself pro se, Mr. Hopkins is advised to contact the pro se office of this Court, at (212) 805-0175.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: September 14, 2020
      New York, New York