UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BARTER HOUSE, INC., and BRIAN DIMARCO,

                                     Plaintiffs,

-v-

INFINITY SPIRITS LCC, *a limited liability company*, DON GOOD TEQUILA COMPANY, LLC, *a limited liability company*, EUROPEAN INFINITY GROUP INC., *a corporation*, and BRIAN HOPKINS, *an individual*,

                                       Defendants.

17 Civ. 9276 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a letter from plaintiffs requesting that the Court clarify the scope of its September 29, 2020 order reinstating the default judgment against the entity defendants. Dkt. 421.  Plaintiffs' letter concerns the Court's bench ruling made at the pretrial conference on December 2, 2019.  See Dkt. 315 ("Preclusion Order"); Dkt. 317 ("Conf. Tr.").  In that ruling, the Court precluded defendants from (1) presenting evidence related to the Sole Source letters that defendants allege were doctored or fraudulent, and (2) making arguments that dispute plaintiffs' entitlement to $66,156,93 under the Stake Hold Agreement.  See Conf. Tr. 3–19. Because defendants failed to submit any pretrial conference materials, the Court treated these motions as unopposed.  *Id.* at 10.  The Court had previously vacated the Preclusion Order, along with the default judgment against the entity defendants, after receiving a letter from Tom M. Fini, Esq., who had appeared as successor counsel for all defendants, confirming that defendants had made the required $20,000 payment to plaintiffs.  See Dkt. 378.

1

On September 14, 2020, the Court issued an order finding that Mr. Fini had demonstrated good cause for withdrawing as counsel for all defendants. Dkt. 409. The Court stayed all operative deadlines in this litigation for two weeks to give defendants time to secure successor counsel, but cautioned that if none appeared by September 28, 2020, the Court would reinstate the default judgment against the entity defendants. *Id.*

On September 29, 2020, successor counsel having not appeared, the Court authorized Mr. Fini's withdrawal and reinstated the default judgment against the entity defendants. Dkt. 413. That order did not address the Preclusion Order.

Because the Preclusion Order was otherwise merited and was lifted only because Mr. Fini appeared on behalf of the defendants, the Court reinstates the Preclusion Order at docket 315.

SO ORDERED.

                                                                                  *Paul A. Engelmayer*
                                                                                  Paul A. Engelmayer
                                                                                  United States District Judge

Dated: October 16, 2020
           New York, New York