UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE BARTER HOUSE, INC., and BRIAN DIMARCO,

         Plaintiffs,

  -v-

INFINITY SPIRITS LCC, *a limited liability company*, DON GOOD TEQUILA COMPANY, LLC, *a limited liability company*, EUROPEAN INFINITY GROUP INC., *a corporation*, and BRIAN HOPKINS, *an individual*,

         Defendants.

17 Civ. 9276 (PAE) (BCM)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

  The Court has received a letter from plaintiffs The Barter House, Inc. and Brian DiMarco (together "Barter House") consenting to a bench trial during the pendency of the public health crisis. Dkt. 127. Barter House's letter identifies good and sound reasons for why a bench trial at which evidence could be received by remote means would, in light of the public health crisis, (1) facilitate resolution of the claims in this long-pending case in a much more timely manner, and (2) avoid substantial inconvenience, and minimize potential health risks, for the many out-of-state, and international, witnesses, including the remaining defendant, Brian Hopkins, who is a resident of Canada. *Id.* Barter House has served this letter on Mr. Hopkins, who is *pro se*.

  Despite ample notice, Mr. Hopkins did not appear at the pretrial conference on October 27, 2020, at which the subject of a potential bench trial arose. The Court recognizes that at the outset of this case, Mr. Hopkins, joined by his then-co-defendants, had requested a jury trial on all claims. Dkt. 16. In light of the compelling factors—including ones involving the health, safety, and convenience of parties and witnesses—that favor resolution by a bench trial, as set forth in Barter House's letter, the Court has asked all parties to reconsider whether they will

consent to the Court's adjudication of all dispositive issues of fact by remote bench trial. As reflected in its letter of today, plaintiffs have consented to a bench trial.

If Mr. Hopkins wishes to assert his right to have the unresolved claims in this case determined by a jury, he is instructed to file a letter on the docket of this case, so stating, by November 6, 2020. If such a letter is timely filed, the Court will, of course, respect Mr. Hopkins' invocation of his right to a trial by jury. The Court will attempt to schedule such a trial for the first quarter of 2020.[1] If, however, no such objection is filed by November 6, 2020, the Court will consider Mr. Hopkins' right to a jury trial waived, and will move forward with the scheduling of a remote bench trial on dates convenient for counsel, also during the first quarter of 2020. *See Gusler v. City of Long Beach*, 715 F. App'x 68, 69 (2d Cir. 2018) ("[I]f the party that has demanded jury trial is on notice that the trial court is planning to adjudicate the dispositive issues of fact but still fails to register an objection to the nonjury proceeding until appeal, the right is deemed to have been waived.") (internal citations and quotations marks omitted).

Barter House is directed forthwith to serve a copy of this order on Mr. Hopkins at all known addresses, including email addresses, and thereafter promptly to file, on the docket of this case, an affidavit reflecting such service.

---

[1] As the Court advised counsel at the October 27, 2020 conference, to assure compliance with public safety protocols during the COVID-19 pandemic, jury trials in this District are being centrally scheduled by the Board of Judges. Dates for civil jury trials are likely to be set on a contingent basis, such that they would go forward on the date set if higher-priority criminal trial(s) scheduled for the same date did not go forward.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: October 28, 2020
       New York, New York